Robert J. Fuller (#10061)
rob@fullerattorney.com
**FULLER LAW OFFICE, LC**
1090 North 5900 East
Eden, Utah 84310
Telephone (801) 791-7736
*Attorney for Plaintiffs*

If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.

## IN THE SECOND JUDICIAL DISTRICT COURT OF WEBER COUNTY
## STATE OF UTAH

| | |
|---|---|
| SAMANTHA L. SANDOVAL and DARIOUS (RANDY) SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A.K.A. STATE FARM FIRE AND CASUALTY COMPANY, JOHN DOES I-X,<br><br>Defendants. | **COMPLAINT**<br><br>(TIER 2)<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff SAMANTHA L. SANDOVAL and DARIOUS (RANDY) SANDOVAL, through counsel, complain and allege causes of action against Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A.K.A. STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), JOHN DOES I-X, and demand judgment as follows:

**PARTIES**

0. Plaintiffs SAMANTHA L. SANDOVAL and DARIOUS (RANDY) SANDOVAL ("Samantha," and "Randy," respectfully, or collectively referred to as Plaintiffs), husband and wife, are individuals who reside in Roy City, Weber County, State of Utah.

Sandoval SF 0001

1. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A.K.A. STATE FARM FIRE AND CASUALTY COMPANY ("State Farm") is an insurance company, both identified in the Plaintiffs' insurance contract identified below, believed to be doing business at One State Farm Plaza, Bloomington, IL, 61710.

2. Defendants JOHN DOES I-X are other possible parties whose true names are unknown and who may have contributed to Plaintiffs' injuries and will be specifically named as discovery progresses and their true identities are disclosed. They may be tortfeasors or other insurance companies, by other names, and may include those insurance companies who issued uninsured motor vehicle coverage to the Plaintiffs and are also liable for Plaintiffs' injury and damages.

**JURISDICTION & VENUE**

3. The acts upon which the liability described in this Complaint are based occurred in Weber County, State of Utah.

4. The State Farm insurance policy at issue was entered into in Weber County, State of Utah.

5. This District is therefore the proper venue and also has jurisdiction over this case pursuant to Utah Code Ann. 31A-1-105, presumption of jurisdiction, which provides that any person doing insurance business in Utah is subject to the jurisdiction of the insurance commissioner and the Utah Insurance Code. Utah Code Ann. 78B-6-401, jurisdiction of District Courts, and Utah Code Ann. 78B-6-408, dealing with contract matters, are also applicable to this Complaint.

Sandoval SF 0002

6. A foreign insurer authorized to sell insurance in Utah is subject to regulation under the applicable provisions of the Insurance Code. *See* Utah Code Ann. 31A-14-216, release from regulation.

7. Pursuant to Article VIII, §5, of the Utah Constitution, and Utah Code Ann. 78-3-4(1), and U.C.A. 78-27-23, jurisdiction over nonresidents, this Court has jurisdiction over this case.

8. The Second District is the proper venue and has jurisdiction over this case pursuant to Utah Code Ann. 78B-3-307.

9. The insurance contract at issue was executed in this judicial district and the accident occurred in this District.

10. The Plaintiffs have standing because they have been damaged and are named insureds in the insurance policies at issue.

11. Pursuant to U.R.C.P. 26(c)(3), Plaintiff alleges that the value of the case is over $50,000.00, therefore the case should be designated a Tier 2 case.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiffs purchased and had one or more valid State Farm Mutual Automobile Insurance Company policies covering their vehicles, including Samantha's 2013 Chevrolet Malibu, VIN, policy number: 121 0966-B16-44A, and is believed to also be covered under State Farm policy 078 0406-B18-44C (collectively referred to as the "Policy"), and believed to include at least $100,000.00 of "uninsured motor vehicle bodily injury coverage." *See* State Farm Car Policy Pages, attached.

Sandoval SF 0003

13. On or about the afternoon of September 12, 2017 ("accident" date), plaintiff Samantha was lawfully driving her vehicle on a street, southbound on 1900 W. at approximately 4500 S. in Roy City, Weber County, Utah.

14. At the same time Samantha was driving her vehicle, LAWRENCE D. ERICK ("Lawrence," or "Pilot") was believed to be the owner and the pilot of an aircraft, tail number 9798L (the "airplane"), who took off in the airplane from the Ogden-Hinckley Airport on or about the afternoon of September 12, 2017.

15. On or about September 12, 2017, Lawrence failed to maintain the proper control of the aircraft he was flying shortly after taking off from the airport and he piloted the airplane into the vehicle Samantha was driving, causing a crash that caught both the aircraft and Samantha's vehicle on fire (the "accident" at issue).

16. Lawrence's motor vehicle did make contact with Samantha's motor vehicle during the accident.

17. Lawrence had his plane in the landing mode, with wheels down, in order to use the public highway to land his motor vehicle.

18. The accident occurred while on a public road, with both motor vehicles coming to a stop on the public street.

19. Samantha's Malibu ("vehicle"), with her inside, was spun around at least 180° as a result of the Lawrence vehicle crashing into the rear of Samantha's vehicle at a high a high rate of speed.

20. The collision totally destroyed both vehicles.

Sandoval SF 0004

21. Samantha was initially unable to get out of her vehicle while the inside and outside of her vehicle was engulfed in flames caused by the collision.

22. Samantha was eventually assisted out of her vehicle by bystanders while both motor vehicles were burning on the public street.

23. Samantha was transported from the accident scene to the hospital to treat her physical injuries that were caused by the accident.

24. In addition to other property losses, such as their car, the Sandovals lost over $1,501.90 of personal property due to the fire during the accident.

25. The Roy City Police Department DI 9 form regarding the accident, under the "insurance company" section for Lawrence states "Geico."

26. Based upon the facts known to date, Samantha now believes that Lawrence had and/or has no insurance on his motor vehicle, meaning his airplane, that he was landing on the highway at the time of the collision.

27. On or about March 21, 2019, the pilot Lawrence stated and Sandovals learned that he "didn't have insurance on the airplane" as opposed to being "unaware of any such coverage."

28. Plaintiffs were issued a claim number by Defendant State Farm for the accident, 44-1408-F42, but now alleges, based on the facts known to Plaintiffs at this time, that they have not received the State Farm coverage benefits.

29. Plaintiffs have not received any "uninsured motor vehicle bodily injury coverage" benefits to date.

Sandoval SF 0005

## FIRST CAUSE OF ACTION

*~ Breach of Express and Implied Terms of Insurance Contract/UM Coverage ~*

30. Plaintiffs incorporate by reference those allegations contained in the numbered paragraphs above.

31. The insurance policies that defendant State Farm issued to Plaintiffs, policy numbers cited above, associated with claim numbers, including 44-1408-F42, constitute contracts.

32. Samantha promised to pay premiums to State Farm in exchange for the insurance coverage.

33. State Farm promised to provide insurance coverage, including "uninsured motor vehicle bodily injury coverage" in exchange for the payment of premiums and required information.

34. The State Farm "uninsured motor vehicle bodily injury coverage" provision was to cover Plaintiffs and to pay benefits to Plaintiffs in the event they suffered damages involving an uninsured motor vehicle.

35. Samantha was severely injured, damaged, and suffered bodily injuries as a result of the collision on 1900 West Street during the collision.

36. Samantha's bodily injuries include nerved damage to her neck and back, a broken finger, and a severe PTSD condition, among these other damages:

    a. injury of left shoulder and upper arm
    b. neck and nerve injury and trauma
    c. injury of abdomen
    d. displaced fracture of medial phalanx of left little finger

Sandoval SF 0006

e. injury of right ankle
f. injury of left shoulder and upper arm
g. injury of head
h. pain in finger(s)
i. other intervertebral, lumbar region trauma
j. major depressive disorder, single episode
k. cervicalgia
l. P.T.S.D.
m. connective tissue and disc stenosis of intervertebral foramina of cervical region

37.     Plaintiffs have suffered severe economic losses and incurred medical expenses as a result of the highway collision at issue.

38.     Plaintiffs fully performed under the terms of the contracts by paying their premiums to State Farm, providing information to State Farm, and filing a claim or claims with State Farm, including claim number 44-1408-F42.

39.     Based on information and belief, the local State Farm insurance brokers and agents who serviced the State Farm policy left Samantha with the impression that she had "uninsured motor vehicle bodily injury coverage" on her vehicles.

40.     State Farm breached the insurance contract by refusing or failing to pay all of the benefits and insurance coverage available under the State Farm policy due to the accident, including the "uninsured motor vehicle bodily injury coverage" benefits.

41.     Plaintiffs are under the impression and allege that they have at least $100,000.00 of uninsured motor vehicle coverage under the State Farm policy or policies.

42.     The letter "U" appears on the State Farm "Utah Insurance Card" that was issued to Samantha, under policy number 121 0966-B16-44, indicating and leaving Plaintiffs

Sandoval SF 0007

with the impression that they do have uninsured motor vehicle coverage pursuant to Utah Law, including § 31A-22-305. Uninsured motorist coverage.

43. Utah Code Ann. § 31A-22-305 includes the following definition:

(2) As used in this section, "uninsured motor vehicle" includes:

(a)(i) a motor vehicle, the operation, maintenance, or use of which is not covered under a liability policy at the time of an injury-causing occurrence; or

(ii)(A) a motor vehicle covered with lower liability limits than required by Section 31A-22-304; and

(B) the motor vehicle described in Subsection (2)(a)(ii)(A) is uninsured to the extent of the deficiency;

Utah Code Ann. § 31A-22-305 (West).

44. The term "Motor Vehicle" in Utah can include an aircraft, and, for example, the term is included in part of the Utah Code: "Motor vehicle" means any self-propelled vehicle and includes any automobile, truck, van, motorcycle, train, engine, watercraft, or aircraft. *See* Utah Code Ann. § 76-5-207 (West).

45. Based upon the fact know to date by Samantha, she believes that the motor vehicle that struck her on the highway in Roy City was "not covered under a liability policy at the time of an injury-causing occurrence."

46. Samantha has been damaged as a result of defendant State Farm's breach and denial of her uninsured motor vehicle bodily injury coverage claims.

47. Samantha has been damaged because she has not received all of the benefits that are available under the State Farm insurance policy.

Sandoval SF 0008

48. Every contract, including the State Farm policy, includes the implied covenant of good faith and fair dealing.

49. Defendant breached the implied covenant of good faith and fair dealing by refusing to fully process Samantha's uninsured motor vehicle claim and by refusing to pay the uninsured motor vehicle coverage benefits.

50. State Farm breached the policy by failing to conduct a reasonable investigation of the losses and damages, and refusing to maintain a hold on Samantha's vehicle during the investigation and pursuit of Samantha's bodily injury claims.

51. Samantha has been damaged by State Farm due to the Defendant's denied insurance payment(s) and the lost opportunities experienced by Samantha due to the non-payment of benefits.

52. Plaintiffs needed the uninsured motor vehicle benefits in order to pay medical bills, which the Plaintiffs were not able to pay and were subject to legal action and collections as a result of the accident described above.

53. Plaintiffs have also experienced emotion distress as a result of the accident and this insurance benefit payment dispute.

54. As a result of State Farm's breach of the policy, which caused Plaintiffs' damages as to the policy benefits that have not been paid, defendant State Farm is liable for all of Plaintiffs' damages related to the denial and contract breaches, in an amount to be proven at trial.

Sandoval SF 0009

## SECOND CAUSE OF ACTION

### *~ Declaratory Action and Relief ~*

55. Plaintiffs incorporate by reference those allegations contained in the numbered paragraphs above.

56. Plaintiffs are entitled to all coverage benefits and damage payments under the State Farm policy related to the accident with the uninsured motor vehicle.

57. A controversy between the Plaintiffs and State Farm as to the insurance benefits now exists, the parties are adverse, and the dispute is ripe for a judicial determination.

58. Plaintiffs seek a declaratory judgment from this Court that Defendants have a contractual duty to provide specific information and to pay specific dollar amounts of insurance coverage to Plaintiffs pursuant to the State Farm policy, and the Utah Code regulations regarding uninsured motor vehicles, as a result of the accident involving the uninsured motor vehicle.

59. Plaintiffs have an interest in the Policy and has rights affected by the Policy and now requests the District Court to determine the questions of construction and validity arising under the Policy and to obtain a declaration of rights regarding the State Farm "uninsured motor vehicle bodily injury coverage," loss, claims, and benefits.

60. Plaintiffs are entitled to a declaration of all rights, coverage, and other legal relations available to or between Plaintiffs, their insurer, and application of the terms and definitions of the Utah Code, including § 31A-22-305 (Uninsured motorist coverage) to the facts of the accident at issue.

Sandoval SF 0010

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demands judgment against Defendants for such damages as are reasonable under the circumstances as follows:

1. For all general and special damages for pain and suffering, including consortium claims, and economic damages, all past and future, and all in an amount to be proven at trial.

2. For the payment of all insurance claims, benefits, and funds available to Plaintiff under the terms of the State Farm Policy, including the "uninsured motor vehicle bodily injury coverage," in an amount to be proven at trial.

3. For the payment of all damages caused by State Farm's breaches of the express and implied terms of the State Farm policy.

4. For pre-judgment interest on the damages assessed by the verdict of the jury and the judgment by the Court.

5. For costs of court and all costs allowed under the circumstances.

6. For other fees and costs as may be appropriate and allowable by law, to the extent proven at trial.

7. For all consequential damages and compensatory damages incurred by the Plaintiff caused by the Defendants' failure to properly process and satisfy the insurance claim.

8. For a full declaration of all rights and benefits available to the Plaintiff under the terms of the State Farm insurance policy as it applies under Utah law and for a declaration pursuant to U.C.A. 78B-6-408.

Sandoval SF 0011

9. For such other and further damages and relief as are just and proper in the premises, and available under the law.

DATED this 11th day of September, 2021.

                                               **FULLER LAW OFFICE, LC**

                                               /s/ Robert J. Fuller
                                             ROBERT J. FULLER (#10061)
                                             1090 North 5900 East, Post Box 835
                                             Eden, Utah   84310
                                             *Attorney for Plaintiffs*

Attached:   *See* State Farm Car Policy Pages, "uninsured motor vehicle bodily injury coverage."

<u>Plaintiff:</u>
Samantha and Randy Sandoval
Roy, Utah
c/o Attorney for Plaintiff

Sandoval SF 0012

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm®
# **Car Policy**
# Booklet

**Utah**
Policy Form 9844A

payable as excess that the maximum amount that may be paid by the *State Farm Companies* as determined in 2. above bears to the sum of such amount and the limits of all other no-fault coverage that apply as excess coverage.

### Constitutionality

If a court declares any of the Utah motor vehicle insurance law invalid, *we* may refigure the premium and change the coverage. If the refigured premium is greater than what has been paid, then *you* must pay *us* the difference.

### Our Payment Options

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;
2. The *insured's* surviving spouse;
3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*;
4. A *person* authorized by law to receive such payment; or
5. Any *person* or organization that provides the *personal injury protection benefits*.

## UNINSURED MOTOR VEHICLE BODILY INJURY COVERAGE

This policy provides Uninsured Motor Vehicle Bodily Injury Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

*Insured* means:

1. *you*;
2. *resident relatives*;
3. any other *person* while *occupying*:
   a. *your car*;
   b. a *newly acquired car*; or
   c. a *temporary substitute car*.

   Such vehicle must be used within the scope of *your* consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and
4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Uninsured Motor Vehicle* means a land motor vehicle:

1. the operation, maintenance, or use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than the minimum limits required by section 31A-22-304 of the Utah Insurance Laws. The minimum required limits are $25,000 for each person and $50,000 for each accident;
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
      (3) coverage for an accident is disputed by the liability insurer for more than 60 days; or
2. an unidentified land motor vehicle which was the proximate cause of the *bodily injury* to the *insured*. If there is no physical contact between that unidentified motor vehicle and the *insured* or the vehicle the *insured* is *occupying*, then the *insured* must show the existence of the other motor vehicle by clear and convincing evidence, which shall consist of more than the *insured's* testimony.

*Uninsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. *owned by*, rented to, or furnished for the regular use of a named insured or a named insured's spouse;
3. *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. *owned by* or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

### Insuring Agreement

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

13
9844A

2. caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

**Consent to Settlement**

The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle*, and the *insured* must request *our* written consent to accept such settlement offer.

If *we*:

1. consent in writing, then the *insured* may accept such settlement offer.
2. inform the *insured* in writing that *we* do not consent, then the *insured* may not accept such settlement offer and:
   a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and
   b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

**Deciding Fault and Amount**

1. a. The *insured* and *we* must agree to the answers to the following two questions:
      (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?
      (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?
   b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* may require the disagreement be resolved by binding arbitration as described in **Arbitration** or shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) *us*;
         (b) the owner and driver of the *uninsured motor vehicle* unless *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the *insured's* damages.

      An *insured*, without *our* consent, may not request arbitration after filing a lawsuit;
      (2) consent to a jury trial if requested by *us*;
      (3) agree that *we* may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:
   a. judgment obtained without *our* written consent; and
   b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Arbitration**

1. Arbitration will take place in the county in which the *insured* resides unless the parties agree to another location.

   The *insured* and *we* will together select a single arbitrator. If unable to agree on a single arbitrator, or if the *insured* and *we* agree, then an arbitration panel of three arbitrators will be employed. The arbitration panel will consist of an arbitrator selected by the *insured*, an arbitrator selected by *us*, and a third arbitrator selected by the first two arbitrators.

   The *insured* and *we* will share equally the fees and costs of the single arbitrator. If an arbitration panel is used, then the *insured* will pay the fees and costs of the arbitrator selected by the *insured*, *we* will pay the cost of the arbitrator selected by *us*, and the *insured* and *we* will share equally the fees and costs of the third arbitrator.

2. The arbitrator or arbitrators shall only decide:
   a. whether the *insured* is legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and
   b. the amount of damages that the *insured* is legally entitled to collect from the owner or driver of the *uninsured motor vehicle*.

   If the arbitrator or arbitration panel finds that the action was not brought, pursued, or defended in good faith, the arbitrator or arbitration panel may award reasonable attorney fees and costs against the party that failed to bring, pursue, or defend the claim in good faith.

   The amount of any arbitration award may not exceed the sum of the limits of this policy and the limits of all other uninsured motor vehicle bodily injury coverage that apply for the *insured's bodily injury*.

The arbitrator or arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.

3. A written decision signed by the single arbitrator or by any two arbitrators of the arbitration panel shall constitute the final decision and be the final resolution of all claims between the *insured* and *us* unless:

    a. the award was procured by corruption, fraud, or other undue means; or

    b. within 20 days after service of the arbitration award, either the *insured* or *us* files a complaint requesting a trial de novo in the district court and serves the nonmoving party with a copy of such complaint. If the *insured*, as the moving party, does not obtain a verdict that is at least $5,000 and also at least 20% greater than the arbitration award, then the *insured* is responsible for all of *our* costs as the nonmoving party. If *we*, as the moving party, do not obtain a verdict that is at least 20% less than the arbitration award, then *we* are responsible for all of the *insured's* costs as the nonmoving party. This award of costs may not exceed $2,500.

4. Subject to items 1., 2., and 3. above, the arbitration shall be governed by Title 78, Chapter 31a, Utah Uniform Arbitration Act and conducted in accordance with Rules 26 through 37, 54, and 68 of the Utah Rules of Civil Procedure. All issues of discovery shall be resolved by the arbitrator or arbitration panel.

5. *We* do not waive any of *our* rights by submitting to arbitration.

Limits

The Uninsured Motor Vehicle Bodily Injury Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Bodily Injury Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident.

These Uninsured Motor Vehicle Bodily Injury Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Nonduplication

*We* will not pay under Uninsured Motor Bodily Injury Vehicle Coverage any damages:

1. that have already been paid to or for the *insured*:

    a. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

    b. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

2. that:

    a. have already been paid;
    b. could have been paid; or
    c. could be paid

    to or for the *insured* under any workers' compensation law, disability benefits law, or similar law, or under No-Fault Coverage of this policy. This does not reduce the limits of this coverage.

Exclusions

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT *OUR* WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY*;

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY*:

    a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY* THAT *INSURED* OR THAT *INSURED'S*:

        (1) HUSBAND OR WIFE;
        (2) RESIDENT PARENT; OR
        (3) RESIDENT SIBLING

        IF THAT MOTOR VEHICLE IS NOT *YOUR CAR*, A *NEWLY ACQUIRED CAR*, OR A *TEMPORARY SUBSTITUTE CAR*; OR

    b. THROUGH BEING STRUCK BY A MOTOR VEHICLE *OWNED BY* THAT *INSURED* OR THAT *INSURED'S*:

        (1) HUSBAND OR WIFE;
        (2) RESIDENT PARENT; OR
        (3) RESIDENT SIBLING

This exclusion does not apply to the first *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides with that named insured, while *occupying* or through being struck by a motor vehicle not *owned by* one or both of them;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE:
   a. EXERCISING UNAUTHORIZED CONTROL OVER A MOTOR VEHICLE WITHOUT THE CONSENT OF THE OWNER OR LAWFUL CUSTODIAN AND WITH THE INTENT TO TEMPORARILY DEPRIVE THE OWNER OR LAWFUL CUSTODIAN OF POSSESSION OF THE MOTOR VEHICLE;
   b. A PASSENGER IN A MOTOR VEHICLE AND WHO HAS KNOWLEDGE THAT THE MOTOR VEHICLE IS BEING OPERATED BY A *PERSON* WHO IS EXERCISING UNAUTHORIZED CONTROL AS DESCRIBED IN 1.a.; OR
   c. COMMITTING A FELONY;

   This exclusion does not apply to an *insured* who is under 18 years of age for his or her medical expenses or funeral expenses, or to a law enforcement officer as defined in Utah Code section 53-13-103 who sustains the *bodily injury* in the course and scope of his or her law enforcement duties.

6. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

7. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Bodily Injury Coverage Applies**

1. The Uninsured Motor Vehicle Bodily Injury Coverage provided by this policy applies:
   a. as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*; and
   b. as excess coverage while not *occupying your car*.

2. Except as provided in 3. below:
   a. if Uninsured Motor Vehicle Bodily Injury Coverage provided by this policy and one or more other vehicle policies apply to the same *bodily injury*, then the Uninsured Motor Vehicle Bodily Injury Coverage limits of such policies will not be added together, combined, or stacked to determine the most that may be paid;
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies; and
   c. *we* will pay the proportion of damages payable that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply.

3. If Uninsured Motor Vehicle Bodily Injury Coverage provided by this policy applies:
   a. to *you* or any *resident relative* as an *insured* for *bodily injury* sustained:
      (1) as a *pedestrian*, then this policy and one other policy for which that *insured* is provided uninsured motor vehicle bodily injury coverage for the *bodily injury* sustained may be added together, combined, or stacked to determine the most that may be paid. *We* will pay the proportion of damages payable that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle bodily injury coverage that apply; or
      (2) while *occupying* a motor vehicle not *owned by* or furnished to that *insured*, that *insured's* resident parent, or that *insured's* resident sibling, then that *insured*, except as provided in 3.b. below, may elect this policy as the one policy to provide excess uninsured motor vehicle bodily injury coverage; or
   b. to an *insured* who is a dependent minor of parents who reside in separate households

16
9844A

and while *occupying* a motor vehicle not *owned by* or furnished to that *insured*, that *insured's* resident parent, or that *insured's* resident sibling, then that *insured* may elect this policy as the one policy from this household to provide excess uninsured motor vehicle bodily injury coverage. *We* will pay the proportion of damages payable that *our* applicable limit bears to the sum of *our* applicable limit and the limit from the other household.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;
2. The *insured's* surviving spouse;
3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or
4. A *person* authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1. *you*;
2. *resident relatives*;
3. any other *person* while *occupying*:
   a. *your car*;
   b. a *newly acquired car*; or
   c. a *temporary substitute car*.

   Such vehicle must be used within the scope of *your* consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and
4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Underinsured Motor Vehicle* means a land motor vehicle:

1. the operation, maintenance, or use of which is either:
   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and
2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:
   a. are less than the amount of the *insured's* damages; or
   b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount of the *insured's* damages.

*Underinsured Motor Vehicle* does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. *owned by*, rented to, or furnished or available for the regular use of a named insured or a spouse of a named insured;
3. *owned by* or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads except while on public roads;
5. while located for use as a dwelling or other premises; or
6. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Bodily Injury Coverage of this policy.

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and
2. caused by an accident that involves the operation, maintenance, or use of an *underinsured motor vehicle* as a motor vehicle.

*We* will pay only after the inception of the loss, which occurs when the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the *insured's* bodily injury have been used up by payment of judgments or settlements, or have been offered to the *insured* in writing.

17
9844 \